UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW SUSCHANKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-186(CEJ) |
| ) | |
| THOMAS NESKE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion and the issues are fully briefed.

Plaintiff Matthew Suschanke brings this action, pursuant to 42 U.S.C. § 1983, against the members of the Board of Police Commissioners of the City of St. Louis, and Thomas Neske, an officer employed by the St. Louis Police Department. Plaintiff claims that he was wrongfully arrested and was subjected to excessive force by Neske. He also claims that the Board failed to properly train and supervise Neske and that it maintained policies that allowed the violations of his civil rights to occur. Defendants move to dismiss plaintiff's complaint, arguing that plaintiff fails to state a claim for relief.

I. Background

On March 3, 2009, the St. Louis Metropolitan Police Department executed a search warrant at plaintiff's home.[1] At the time, plaintiff lived with his parents, sister, and niece. During the search, police officers discovered and seized several computers

---

[1] See United States v. Matthew Suschanke, No 4:09-CR-801(CEJ) (E.D. Mo. Dec. 12, 2009).

containing child pornography. Plaintiff was arrested for possession of child pornography and was transported to the police station for questioning. Officers interrogated plaintiff for over an hour and then asked him if he was willing to submit to a polygraph examination. Plaintiff consented and signed a Miranda waiver[2]. Defendant Neske conducted the polygraph examination and interrogated plaintiff for nearly three hours about allegations that plaintiff sexually abused his niece.

II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also Id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

III. Discussion

In Count I, plaintiff asserts a claim of false arrest against Neske, in violation of the Fourth and Fourteenth Amendments. He alleges that, after he was arrested at his home, Neske conducted a polygraph examination without probable cause. Generally, a person who is already under arrest and in police custody cannot be rearrested. Garionis v. Newton, 827 F.2d 306, 310 (8th Cir. 1987)("An arrest presumes that the person arrested was at liberty, free from police custody before the arrest. This premise does not hold when the subject is already in custody."). At the time of the polygraph examination, plaintiff was already in custody for possession of child pornography. Plaintiff does not state that he was released or freed from police custody before taking the polygraph examination. Therefore, Neske's examination does not constitute an arrest under the Fourth Amendment. Count I will be dismissed.

Furthermore, the Court finds that plaintiff has failed to state a claim for relief in Counts II and III. In Count II, plaintiff alleges that Neske used excessive force, in violation of the Fourth and Fourteenth Amendments, when he subjected plaintiff to extreme mental abuse and torture during the polygraph examination. However, plaintiff does not state the type of force used or the injury sustained as a result of Neske's examination. Similarly, in Count III, plaintiff does not specify how Neske interfered with plaintiff's right to intimate association. Plaintiff merely alleges that the interrogation and polygraph examination by Neske "ostracized" plaintiff from his niece. Conclusory allegations are typically not enough to survive a motion to dismiss for failure to state a claim. See Frey v. City of Herculaneum, 44 F. 3d 667, 672 (8th Cir, 1995)(holding that in order to survive motion to dismiss for failure to state claim upon which relief can be granted, civil rights complaint must contain facts which state claim

3

as matter of law and must not be conclusory). Therefore, Counts II and III will also be dismissed.

The claims against the Board are derivative of the claims asserted against Neske. Having determined that plaintiff failed to state a claim of relief against Neske, the Court will dismiss plaintiff's claims against the Board in Counts IV, and V. The Court will also refrain from exercising supplemental jurisdiction in Count VI. 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#13] is **granted**.

A separate Order of Dismissal will be entered.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2012.